WILLIAM DEMUTH, Appellant, *v.* THE AMERICAN INSTITUTE OF THE CITY OF NEW YORK, Respondent

Plaintiff filled up a blank application furnished by defendant for an allotment of space in the exhibition building of the latter, which was delivered to defendant and the stipulated entrance fee paid; by the conditions annexed to the application payment was to precede the approval of the application, and defendant had the right to reject it. Plaintiff offered his goods on the day before the exhibition opened, but they were rejected, for the alleged reason that there was no space for them. In an action to recover damages, *held,* that plaintiff was properly nonsuited; that the application and payment did not constitute a contract to award the desired space; that the right of rejection continued until defendant had received the goods, or in some way indicated its assent to the application; and that whether the reason given for the rejection was true or not was immaterial.

One of the conditions provided that "applications not accepted will have returned by mail the amount of entrance fee paid, if so requested." When the goods were rejected plaintiff was informed that the entrance fee would be returned, and a few days afterward a check for the amount was sent to him, which he refused to accept; *held,* that the retention of the entrance fee until after the opening of the exhibition did not alone authorize the inference that the application was accepted, that it was plaintiff's duty to ascertain if the application had been accepted, and if not to demand the entrance fee; and that the refusal to receive the goods was equivalent to a rejection of the application.

(Argued December 13, 1878; decided December 20, 1878.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial. (Reported below, 10 J. & S., 336.)

This action was brought to recover damages for a breach of an alleged contract on the part of defendant to exhibit plaintiff's goods in its exhibition building at its forty-third annual exhibition.

Defendant provided blank applications for space, one of which was filled up and presented by plaintiff, and the stipulated entrance fee paid and received by defendant. Attached to the application were printed conditions, among them the following :

" An entrance fee of seven dollars will be charged upon all goods entered for competition or examination, if made and accepted before the day of opening to the public ; providing said entrance fee accompany such application. Applications not accompanied by the entrance fee will not be considered as accepted."

" In the event of the application and payment of fee of seven dollars, being made as provided above, the same will be acknowledged by a receipt, which receipt will be exchanged for an exhibitor's ticket without further charge."

" Applications not accepted will have returned, by mail, the amount of entrance fee paid, if so requested, at risk solely of party making such application."

" The managers do not agree to allot any special amount of room until the articles for which space has been desired are within the building."

" The managers reserve the right to exclude any article they may deem objectionable at any time before or after the opening of the exhibition."

The further material facts appear in the opinion.

*Lewis Sanders*, for appellant. Plaintiff having performed his part in full defendant should pay damages in full. (*Hurd v. Gill*, 43 N. Y., 343.) The terms as to space did not

nullify the contract. (*Travis* v. *Myers*, 67 N. Y., 542; *Kemp* v. *Knick. Ice Co.*, 69 id., 53; *Muller* v. *Mayor, etc.*, 63 id., 358; *D., L. and W. R. R. Co.* v. *Bowns*, 58 id., 579.) Defendant could not profit by the terms as to space as a condition precedent because it prevented the performance of the condition by refusing the goods admission. (*Stanton* v. *Miller*, 58 N. Y., 192–201; *Blewett* v. *Baker*, id., 612; *Freer* v. *Denton*, 61 id., 171; *Booth* v. *S. D. R. M.*, 60 id., 490.)

*Malcolm Campbell*, for respondent. The application can only be regarded as an agreement to make a contract upon terms to be afterwards settled. (*Ridgway* v. *Wharton*, 6 H. L. Cas., 304; *Lyman* v. *Robinson*, 14 Al., 254; *Foot* v. *Webb*, 59 Barb., 39; *Brown* v. *N. Y. C. R. R. Co.*, 44 N. Y., 79.)

ANDREWS, J. The nonsuit was properly granted, for the reason that no contract was made by the defendant to allot a space, in the building where the fair was held, for the exhibition of the plaintiff's goods. The application for space and the payment by the plaintiff of the entrance fee did not amount to a contract by the defendant to accord the space desired by the plaintiff.

The making of the application, upon the blanks furnished by the defendant, accompanied by the payment of the entrance fee, was, as appears from the conditions annexed to the application, to precede the approval of the application; and the defendant had the right thereafter to reject it, for any reason. The right of rejection continued until the defendant had received the goods to be exhibited or in some other way indicated its assent to the application. There was no acceptance of the plaintiff's goods. They were rejected when offered by the plaintiff on the day before the exhibition opened, upon the allegation of the superintendent that there was no space for them. It is immaterial whether this was true or not, if no contract to receive them had been made. The fact that the defendant retained the entrance fee, and did not

offer to return it until after the opening of the fair, did not, under the circumstances, authorize the inference that the defendant had accepted the plaintiff's application and assented to give him the space requested. One of the conditions provides " that applications not accepted will have returned, by mail, the amount of entrance fee paid, if so requested, at risk solely of party making such application ; " and though awkwardly expressed, clearly means that, in case the defendant rejects an application, the entrance fee will be returned, by mail, upon request of the applicant. The defendant did not assume the duty of informing applicants, whose applications were rejected, of the fact, before it was called upon for the information ; and the retention by the defendant of the entrance fee paid by the plaintiff did not alone authorize the inference that his application was accepted. It was his duty to ascertain whether his application had been approved ; and if not, to request a return of the entrance fee. The refusal of the defendant to receive the plaintiff's goods was equivalent to a rejection of his application ; and the plaintiff was then informed, in substance, that the entrance fee would be returned ; and a few days afterwards a check for the amount was sent to the plaintiff, which he refused to accept.

We are of opinion that the plaintiff failed to prove the contract alleged, and that the nonsuit was proper.

The judgment should be affirmed.

All concur, except FOLGER, J., not voting.

Judgment affirmed.